IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. GRIGGS, | : | |
|     Petitioner | : | Criminal Action No. 4:00-cr-72 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM ORDER

Currently pending before the Court is Petitioner's motion to reconsider the late Judge James McClure's December 21, 2004 order denying petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 292.) For the reasons stated more fully herein, the Court will dismiss the motion for want of subject matter jurisdiction.

## I.    PROCEDURAL HISTORY

Petitioner was found guilty of three narcotics offenses and on July 8, 2002, and was sentenced to a term of imprisonment to last 240 months on each count with the sentences to run concurrently. (Doc. No. 198.) On June 19, 2003, the United States Court of Appeals for the Third Circuit affirmed Petitioner's conviction. (Doc. No. 233.) Since that time, Petitioner has persistently, albeit unsuccessfully, sought relief pursuant to 28 U.S.C. § 2255. Judge McClure denied Petitioner's first motion to vacate his sentence on December 21, 2004. (Doc. No. 258.) The Court of Appeals denied a certificate of appealability on June 21, 2005, United States v. Griggs, No. 05-1892 (3d Cir. June 21, 2005), and denied a motion for rehearing en banc on August 1, 2005, United States v. Griggs, No. 05-1892 (3d Cir. Aug. 1, 2005). Petitioner filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure challenging the December 21, 2004 order, which Judge McClure denied as a second or successive motion under 28 U.S.C.

1

§ 2255. (Doc. No. 267.) The Third Circuit denied a certificate of appealability on June 29, 2006. (Doc. No. 270.) On June 16, 2006, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Griggs v. United States, No. 4:06-cv-1218 (M.D. Pa. June 19, 2006). Judge McClure dismissed that petition on June 20, 2006. Griggs v. United States, No. 4:06-cv-1218 (M.D. Pa. June 20, 2006). On September 20, 2007, Petitioner filed yet another Rule 60(b) motion challenging the denial of Judge McClure's December 21, 2004 order. (Doc. No. 273.) On October 5, 2007, Judge McClure denied the motion as a second or successive motion under 28 U.S.C. § 2255. (Doc. No. 274.)

## II.   DISCUSSION

Petitioner's motion, is styled as a motion to reconsider Judge McClure's December 21, 2004 order denying his motion to vacate his sentence. A fair reading of the motion, however, reveals that it is in fact an attack on Petitioner's underlying conviction and sentence. The United States Court of Appeals for the Third Circuit has advised that "when the Rule 60(b) motion seeks to collaterally attack the petitioners' underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

2

unavailable.

28 U.S.C. § 2255(h). Therefore, because Petitioner's motion is in fact a collateral attack on Petitioner's conviction and because Petitioner has failed to submit the required certification from the Third Circuit, the Court lacks jurisdiction to consider the motion. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).[1]

**ACCORDINGLY**, on this 7th day of February 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion (Doc. No. 292) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. No certificate of appealability shall issue.[2]

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania

---

[1] Even if the motion were construed as a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, it would still fail. Motions made pursuant to that rule must be brought within a reasonable time. Fed. R. Civ. P. 60(c). In the present matter, Petitioner challenges an order that was issued more than seven years before his motion was filed. The Court cannot find that this extended delay is reasonable. Accordingly the motion would fail on that basis as well.

[2] The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would quarrel with its conclusion that Petitioner's motion is a second or successive motion filed pursuant to 28 U.S.C. § 2255, and that in the absence of the required certification from the Third Circuit this Court has no jurisdiction to consider the motion.